**Electronically Filed
Intermediate Court of Appeals
29874
25-OCT-2010
10:39 AM**

NO. 29874

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WARNE KEAHI YOUNG, Appellant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HEALTH, Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0509)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)


Appellant-Appellant pro se Warne Keahi Young (Young) appeals from the First Amended Judgment (Judgment) filed on May 5, 2009 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in the amount of $3,500 in favor of Appellee-Appellee State of Hawai'i Department of Health (the State) and against Young on all of Young's claims.

After a contested hearing before the State, the State ordered Young to cease maintaining an unsanitary dog kennel in violation of several laws and pay $3,500 as an administrative penalty for the violations. The State filed its Findings of

_____

[1] The Honorable Eden Elizabeth Hifo presided.

Fact, Conclusions of Law, Decision and Order (FOF/COL/D&O) on February 12, 2007.

Pursuant to Hawaii Revised Statutes (HRS) § 91-14 (1993 & Supp. 2009) and Hawai'i Rules of Civil Procedure Rule 72, Young appealed the State's FOF/COL/D&O to the circuit court.

Young and the State filed briefs. The circuit court held a hearing on Young's appeal on November 21, 2007. On January 2, 2008, the circuit court entered its Decision and Order, finding that there was reliable, probative, and substantial evidence in the record to support the FOF/COL/D&O and there were no material facts in dispute. The circuit court concluded that Young's contention that his rights to due process and equal protection under the United States and Hawai'i Constitutions had been violated was without merit. The circuit court affirmed the FOF/COL/D&O and ordered Young to pay $3,500.

On May 5, 2009, the circuit court entered the Judgment, and on June 4, 2009, Young filed an appeal to this court.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Young's appeal is without merit.

Young housed up to twenty-six dogs on his property, creating a nuisance and threat to public health that unlawfully impacted his immediate neighbors and the larger community. The nuisance, a result of odor caused by dog urine and feces, was reported to the State by neighbors. During subsequent inspections, which began on March 16, 2001, the State's Vector Control inspectors found animal waste odors, feces, flies, and specifically the adult dog dung fly on Young's property. Young failed to remedy the odors and the flies present on his property after receiving guidance from four different inspectors, over the course of at least twenty-five inspections from March 16, 2001 to December 16, 2005.

HRS §§ 322-1 (1993) and 322-2 (1993) empower and instruct the State to investigate and remove any and all nuisance and vectors that impact human health. HRS § 322-1 (Removal, prevention) requires the State to

> examine into all nuisances, foul or noxious odors, gases or vapors, water in which mosquito larvae exist, sources of filth, and all causes of sickness or disease, on shore, and in any vessel, which may be known to them or brought to their attention, which in their opinion are dangerous or injurious to health, and into any and all conditions created or existing which cause or tend to cause sickness or disease or to be dangerous or injurious to health, and shall cause the same to be abated, destroyed, removed, or prevented.

HRS § 322-2 provides in part:

> §322-2 **Ordering owner to remove.** Whenever any such nuisance, foul or noxious odors, gases or vapors, water in which mosquito larvae exist, source of filth, or cause of sickness or disease is found on private property, the department of health shall cause notice to be given to the owner to remove and abate the same at the owner's own expense within such reasonable time as the department may deem proper.

Hawaiʻi Administrative Rules (HAR) § 11-26-11 provides:

> §11-26-11. **Flies; protection against breeding.** No person, firm, or corporation shall have or keep upon premises owned, leased, or occupied by them, any article, substance, or thing of whatever kind, nature, or description in which flies may breed, unless the same be kept protected from flies or maintained in a manner consistent with pest management methods.

HAR § 11-26-14 provides:

> §11-26-14. **Flies; management of domestic animal wastes.** Every property owner or tenant shall prevent the accumulation of and shall remove or manage all fly breeding media generated by domestic animals including dog and cat manure as often as necessary to prevent harboring of flies or excessive breeding. Excessive breeding shall mean the production of flies in quantities as may endanger the health or interfere with the comfort of persons who occupy property in the neighborhood.

Contrary to Young's arguments on appeal, the above statutes and regulations are not vague, and their enforcement against Young was not a violation of his rights to due process and equal protection under the law.

Therefore,

The First Amended Judgment filed on May 5, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 25, 2010.

On the briefs:

Warne Keahi Young,
Appellant-Appellant pro se.

Heidi M. Rian and
Wade H. Hargrove III,
Deputy Attorneys General,
for Appellee-Appellee.

Presiding Judge

Associate Judge

Associate Judge